10-807-ag
Li v. Holder

BIA
Schoppert, IJ
A094 046 387

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand eleven.

PRESENT:
　　　ROBERT A. KATZMANN,
　　　PETER W. HALL,
　　　GERARD E. LYNCH,
　　　　　*Circuit Judges.*

_____

LING ZHI LI,
　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　10-807-ag
　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　*Respondent.*

_____

FOR PETITIONER:　　　Lee Ratner, Law Offices of Michael
　　　　　　　　　　　Brown, New York, NY

FOR RESPONDENT:　　　Tony West, Assistant Attorney
　　　　　　　　　　　General; James E. Grimes, Senior
　　　　　　　　　　　Litigation Counsel; William C.
　　　　　　　　　　　Minick, Attorney, Office of
　　　　　　　　　　　Immigration Litigation, U.S.
　　　　　　　　　　　Department of Justice, Washington
　　　　　　　　　　　D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ling Zhi Li, a native and citizen of the People's Republic of China, seeks review of a February 16, 2010, order of the BIA affirming the July 25, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ling Zhi Li*, No. A094 046 387(B.I.A. Feb. 16, 2010), *aff'g* No. A094 046 387 (Immig. Ct. N.Y. City July 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the BIA's opinion as well as the portions of the IJ's opinion not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review factual findings, including credibility determinations, for substantial evidence, upholding them unless any reasonable adjudicator would be compelled to reach the contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v.*

2

*Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

The agency's adverse credibility determination is based on substantial evidence given the inconsistencies between Li's and his sister's testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that an adverse credibility determination may be based on "the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each such statement, the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency . . . goes to the heart of the applicant's claim."). Although Li argues that the inconsistencies regarding the date of his arrival in the United States and the purpose for taking photographs of him practicing Falun Gong were not truly inconsistencies, the record supports the agency's finding that he and his sister provided directly contradictory testimony. While Li testified that he arrived in March 2006, his sister testified on multiple occasions that he arrived in 2007 and, when confronted with the discrepancy, testified that Li arrived at the end of the year 2006. Similarly, while Li testified that the

3

photographs of his Falun Gong practice were taken for him to have as souvenirs and not for purposes of his asylum application, Li's sister testified that they were taken to support the asylum application.  Thus, the agency reasonably relied on these inconsistencies in supporting its adverse credibility determination.  *See id*.

While Li further contests the timeliness of his asylum application, *see* 8 U.S.C. § 1158(a)(2)(B), we do not have jurisdiction to review that determination, *see id.* § 1158(a)(3).  Li makes no argument that the jurisdictional bar should not apply to his case.  Even if one treats his accusation that the IJ "speculated" as an attempt to frame a reviewable legal question, his argument remains "essentially a quarrel about fact-finding," and so we lack jurisdiction to hear it.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Li's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4